MATTER OF S——

In DEPORTATION Proceedings

A-8423672

*Decided by Board May 15, 1959*

**Loss of citizenship—Foreign military service—An Forsa of Ireland.**

Service in the An Forsa (defense forces) of Ireland during a period when it was not activated held not to constitute service in the armed forces of a foreign state so as to cause expatriation of dual national of United States and Ireland under section 401(c) of Nationality Act of 1940.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 1182(a)(22)—Ineligible to citizenship.

## BEFORE THE BOARD

**Discussion:** This matter is before us pursuant to the order of a special inquiry officer on February 12, 1959, terminating the proceedings and certifying the case to this Board for final decision.

The respondent is a 30-year-old unmarried male, native of Ireland and claiming United States citizenship, who last entered this country on March 11, 1956, as a returning resident. He has resided in the United States since December 23, 1952, when he was admitted for permanent residence as a quota immigrant. The order to show cause charged that the respondent was excludable on March 11, 1956, as an alien ineligible to citizenship because he had applied for exemption from United States military service on August 18, 1953, and had been relieved from training and service on the ground of alienage. We agree with the special inquiry officer's conclusion that alienage has not been established and our discussion will be limited to that issue.

The respondent was born in Ireland on November 15, 1928. He is the legitimate son of a man who was born in the United States in 1891 and who has not become expatriated. The respondent at birth became a citizen of Ireland and a citizen of the United States—the latter under section 1993 of the Revised Statutes. On March 24, 1946, he enlisted for a 5-year term in An Forsa Consanta Aitiuil. The English equivalent is stated in the record at times as Local

340

Defence Force and at other times as Reserve of Men. It will be referred to hereinafter as An Forsa.

The respondent stated that An Forsa met weekly for drill exercises; that attendance was not compulsory; that there was no penalty for failure to attend; and that he received no pay during the entire period of enlistment. He testified that about Easter of 1948 he was injured in an accident while en route to maneuvers of An Forsa; that he was informed by his sergeant that he would be discharged; that he was employed in another town commencing in 1949; and that he did not attend any exercises of An Forsa after the accident in 1948. However, the records indicate that the respondent was not actually discharged from An Forsa until March 23 1951, upon the expiration of his term of enlistment.

The respondent's testimony at the hearing on June 12, 1957, was to the effect that he had not prior thereto made a claim of being a citizen of the United States; that he has 2 brothers and 3 sisters in this country; and that he believes that all of them were admitted as United States citizens. He stated that he did not apply for a United States passport because friends had told him that he lost his citizenship because of his service in An Forsa.

At the time the respondent enlisted in An Forsa, he executed an oath which may or may not have been an oath of allegiance. However, the respondent was then under 18 years of age and it is clear that the taking of the oath and the enlistment itself could not have caused expatriation in view of the provisions of section 403(b) of the Nationality Act of 1940 [8 U.S.C. 803(b), 1946 ed.]. There are two questions involved in this case: (1) Whether the respondent *served* in the armed forces of a foreign state, that is, whether the service in An Forsa constituted service in the armed forces of Ireland, and (2) whether his service after becoming 18 years of age was voluntary. While the respondent continued to be a member of An Forsa until March 23, 1951, it appears from his testimony that he can hardly be said to have *served* in An Forsa after Easter of 1948.

With respect to the first question mentioned above, a letter addressed to counsel on September 13, 1957, by the Irish Department of Defence contains the statement that a member of An Forsa would not have been a member of the armed forces of Ireland unless called out on permanent service, and that An Forsa had not been called for such service between 1947 and 1950. There is also a letter dated August 21, 1958, from the Minister for External Affairs of Ireland which contains the statement that during the entire period between 1946 and 1951 An Forsa "was an integral part of the Defence Forces of Ireland." The last-mentioned letter contains the specific statement that it was based on information furnished officially by the

Minister for Defence of Ireland. A letter dated March 20, 1958, by the Department of External Affairs of Ireland contains statements to the effect that service in An Forsa is on a part-time basis; that attendance at training is voluntary, subject only to the condition that a member is required to attend a minimum number of training parades; that an obligation to render full-time military service would arise only if An Forsa were called out in defense of the state; and that such a situation has not arisen since the establishment of An Forsa.

In a letter dated March 30, 1959, counsel informed this Board that he had written to the Minister for Defence on January 5, 1959, concerning the apparent discrepancy between the two letters mentioned above, and he enclosed a copy of a reply dated March 4, 1959. In this letter the Minister for Defence stated that, although An Forsa was formed as a class within the Reserve and had certain attachments to the Defence Forces, the position of the respondent, in law, was that unless he was called out on permanent service he was not a member of the armed forces of Ireland. It was further stated that An Forsa was not called out on permanent service during the period from March 24, 1946, to March 23, 1951.

After careful examination of the record, it is our considered opinion that, while An Forsa itself may have been an integral part of the defense forces of Ireland, the respondent's service in An Forsa did not constitute service in the armed forces of Ireland. We believe the situation is analogous to *Matter of Z——*, 2 I. & N. Dec. 346 (Atty. Gen., 1945), and *Matter of L——F——*, 2 I. & N. Dec. 455 (1946), in which it was held that service in the Canadian Officers' Training Corps and the University Air Training Corps of Canada did not constitute service in the armed forces of Canada. In the first case, we specifically stated that only service in that part of a foreign army which is activated or subject to active military duty will satisfy the requirements of section 401(c) of the Nationality Act of 1940.

The second question we have referred to above is whether the respondent's service after becoming 18 years of age was voluntary. As we have indicated, his *enlistment* while under the age of 18 would not have caused his expatriation even if An Forsa had been part of the armed forces of Ireland. It was stated in a communication dated February 3, 1958, that the respondent did not apply for discharge prior to the termination of his enlistment; that it was open to him to do so at any time; and that the discharge of a member of An Forsa during the period from 1946 to 1951 "could only have been effected on application by him for his discharge on compassionate grounds but he would have to prove adequate cause for his case to merit consideration on such grounds."

The record does not disclose precisely what is regarded by the Irish authorities as "compassionate grounds" for a discharge but presumably it means that the respondent would have had to prove that his continued service would result in hardship to him or other persons. While it was stated that the respondent could have *applied* for a discharge at any time, the fact that he failed to do so is not significant if actually he would have been unable to obtain a discharge.

The Service contends that the testimony of the respondent is to the effect that any member of An Forsa could obtain a discharge regardless of whether compassionate grounds existed. We agree that the respondent seems to have been of that opinion but the evidence introduced by the Service shows that he was mistaken and that he would have to prove that his case merited discharge on compassionate grounds. The respondent's testimony is that no change occurred in his situation or that of his family between the time of his enlistment and his discharge, and we believe it is clear that counsel has put in issue the question of whether the respondent's service in An Forsa after his 18th birthday was voluntary or involuntary. On the basis of the record before us, we do not believe that the Government has established by clear, convincing and unequivocal evidence that the respondent voluntarily served in An Forsa after reaching the age of 18 as required by the decision in *Nishikawa* v. *Dulles*, 356 U.S. 129 (1958). We conclude, therefore, that it has not been established that the respondent is an alien, and the special inquiry officer's action was correct.

**Order:** It is ordered that the special inquiry officer's order of February 12, 1959, terminating the proceedings, be and the same is hereby affirmed.